## MILLER v. STATE ex rel. LANKFORD, Bank Com'r, et al.

No. 5436. Opinion Filed October 12, 1915.

Rehearing Denied November 2, 1915.

(152 Pac. 409.)

**PRINCIPAL AND SURETY—Release of Surety—Action on Note.** The second and third paragraphs of the syllabus in **Palmer** v. **Noe,** 48 Okla. 450, 150 Pac. 462, fully cover the questions decided in this case, and are adopted as the syllabus herein.

(Syllabus by Devereux, C.)

*Error from District Court, Creek County;*
*Jesse M. Hatchett, Assigned Judge.*

Action by the State, on the relation of J. D. Lankford, Bank Commissioner, and another, against H. C. Miller. Judgment for plaintiffs, and defendant brings error. Affirmed.

This was an action on a promissory note, dated June 13, 1910, executed by A. C. Frompton, Sig. C. Richey, and H. C. Miller, to the Dingman Investment Company, due December 13, 1910. The note became the property of the Oklahoma State Bank, which became insolvent, and its assets were taken over by the State Banking Board, among which assets was the note in suit, and this action was brought by the Bank Commissioner in order to collect the assets of the defunct bank. The plaintiff in error, who was a surety only, pleaded and introduced evidence tending to prove that he paid a part of the note to the Bank Examiner, and demanded of the agent who had the note for collection that he collect the remainder from Sig. C. Richey, and told the agent of the Bank Commissioner

that he would not be liable for the balance due on the note, as Richey was better able to pay than he was. It further appears that Richey was solvent up to January, 1912, and was solvent at the time this conversation took place, but has since become insolvent, and it further appears that no action was taken by the defendants in error against Richey until this action was filed on February 4, 1913. The court instructed the jury to find for the plaintiff, which was duly excepted to, and the case is brought here by petition in error and case-made.

*J. R. Miller* and *T. R. Dean,* for plaintiff in error.

*S. P. Freeling,* Atty. Gen., and *McDougal, Lytle & Allen,* for defendants in error.

Opinion by DEVEREUX, C. (after stating the facts as above). On the merits the question presented in this case cannot be distinguished from that involved in *Palmer v. Noe,* 48 Okla. 450, 150 Pac. 462, which holds as follows:

"Under section 4694, Rev. Laws 1910, the payee of a promissory note may, at his option, sue one of the sureties, without joining the maker and the other sureties as parties defendant; and his failure to sue the maker and other sureties does not operate as a release of the surety sued.

"The failure of the payee of a promissory note to sue the principal, upon the oral request of the surety sued, made long after the maturity of the note to the attorney of the payee, who had the note for collection, does not operate as a release of the surety sued, even though the principal, at the time the request was made, was solvent and amply able to pay the note, and in the meantime he and the other sureties thereon became insolvent, it being the duty of the surety upon the failure of the principal to pay the note when due, to pay the same, and pursue his remedy against the principal and his cosureties."

Counsel for the plaintiff in error has earnestly requested us, in a well-considered brief, to reconsider the question decided in that case and overrule it. But, after a careful consideration of the authorities, we are satisfied that the case was rightfully decided, and in addition the importance of adhering to the decisions of this court once made, and thus preserving a conformity in the law, cannot be overestimated.

We therefore recommend that the judgment be affirmed.

By the Court: It is so ordered.